FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

06 DEC -5 PM 2: 30

| | |
|---|---|
| ELAINE L. CHAO,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>           Plaintiff,<br>      v.<br><br>LOCAL 645, PAPER, ALLIED-INDUSTRIAL,<br>CHEMICAL AND ENERGY WORKERS,<br>UNITED STEELWORKERS OF AMERICA<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.: **2:06Cv405 PS**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, as amended (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. §§ 481-483 (hereinafter referred to as the "Act")).

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 29 U.S.C. § 482(b).

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 482(b).

PARTIES

4. Plaintiff, Elaine L. Chao, is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action pursuant to section 402(b) of Title IV of the Act of 1959, 29 U.S.C. § 482(b).

5. Defendant Local 645, Paper, Allied-Industrial, Chemical and Energy Workers, United Steelworkers of America is, and at all times relevant to this action has been, an unincorporated association residing in the County of Lake, Indiana, within the jurisdiction of this Court.

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(I), 3(j), and 402(b) of the Act, 29 U.S.C. §§ 402(I), 402(j), and 482(b).

FACTUAL ALLEGATIONS

7. Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted an election of officers on December 14, 2005. The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8. By letter dated January 5, 2006, to Defendant's Executive Board, Gloria Shelton, a member in good standing of Defendant, protested Defendant's December 14, 2005 election.

9. By undated letter, received on or about February 7, 2006, the Executive Board denied the protest.

10. By letter dated February 9, 2006, Shelton appealed the decision of the Defendant's Executive Board to the International Commission.

11. On May 2, 2006, the International Commission held a hearing on the appeal.

2

12. On June 26, 2006, the International Commission issued it report and recommendation.

13. On July 26, 2006, the International Executive Board Appeal Panel adopted the International Commission report and recommendation.

14. By letter dated August 1, 2006, to Shelton, the International Executive Board Appeal Panel denied the appeal.

15. Having exhausted her available remedies and having received a final decision, Shelton filed a timely complaint with the Secretary of Labor received on August 22, 2006, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

16. Pursuant to Section 601 of the Act, 29 U.S.C. § 521, and in accordance with Section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's December 14, 2005 election and that the violation had not been remedied at the time of the institution of this action.

17. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of its aforesaid election in failing to mail an election notice to all members at his or her last known home address.

18. The violation of section 401(e) of the Act, 29 U.S.C. § 481(e), found and alleged above may have affected the outcome of Defendant's December 14, 2005 election for the office of president.

3

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the office of president null and void;

(b) directing Defendant to conduct a new election for the office of president,

under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

KATHERINE E. BISSELL
Associate Solicitor

JOAN E. GESTRIN
Regional Solicitor

ALEXANDRA A. TSIROS
Counsel for Legal Advice

SHIREEN M. MCQUADE
Attorney

Of Counsel

U.S. Department of Labor

PETER D. KEISLER
Assistant Attorney General

JOSEPH S. VAN BOKKELEN
United States Attorney

By: _____
Sharon Johnson
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
(219) 937-5500
Attorneys for Plaintiff

4