UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor, </br></br> Plaintiff, </br> v. </br></br> LOCAL 645, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, </br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:06 CV 405 PS |

## STIPULATION OF SETTLEMENT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, having filed her complaint and Defendant, Local 645, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (hereinafter, "Local 645"), having appeared by counsel and having answered, in order to avoid the costs and delay of further litigation, stipulate and agree as follows:

1. Effective April 14, 2005, International Union Paper, Allied-Industrial, Chemical and Energy Workers and all its local unions merged with the United Steelworkers of America to form a new labor organization known as the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (hereinafter the "United Steelworkers").

2. The subject action was initiated as a result of Plaintiff's investigation of alleged violations of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, hereinafter referred to as the Act (29 U.S.C. 481 et seq.) related to the December 14, 2005 election of offices of Defendant, Local 645 of the United Steelworkers. The alleged violations had not been remedied at the time of the institution of this action.

3   On December 5, 2006, Plaintiff filed a complaint pursuant to Title IV of the Act seeking an order declaring Defendant's December 14, 2005 election for the offices of President, Vice President, Treasurer, Recording Secretary, and Trustee to be null and void and directing the Defendant to conduct a new election for the aforementioned offices under Plaintiff's supervision. The sole violation alleged was contained in paragraph 17 of the complaint which stated as follows:

> Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of its aforesaid election in failing to mail an election notice to all members at his or her last known home address.

4. The Defendant filed an answer to the complaint that admitted that it did not mail an election notice to all members at their home addresses. It is Defendant's position however, that it delivered written notice to each member by means other than mail.

5. The parties, without admission, and solely to avoid the cost and delay of further litigation agree and stipulate, without contest, that the Defendant shall conduct its next regularly scheduled election, including nominations, for all offices in December 2007 under Plaintiff's supervision under the following terms and conditions:

      a)   This election shall be conducted in accordance with Title IV of the Act (29 U.S.C. Sec. 481 et seq.), and, insofar as lawful and practicable, in accordance with the Constitutions of the United Steelworkers and the bylaws of Local 645.

      b)   All decisions as to the interpretation or application of Title IV of the Act and the Constitution of the United Steelworkers and the bylaws of Local 645 relating to the supervised election, and nominations, if any, are to be determined by the Plaintiff, and her decisions shall be final.

      c)   The court shall retain jurisdiction of this action and after completion of the election, Plaintiff shall certify to the Court the names of the persons elected to each office, and that the election was conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, in accordance with the provisions of the Constitutions of the International and bylaws of Local 645.  The duly certified elected officers shall serve until the next regularly scheduled election following the subject elections in accordance with the Constitutions of the International and bylaws of Local 645.   Upon approval of such certification, the court shall enter an Order declaring that such persons have been elected as shown by such certification.

      d)   Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

6. All terms of this stipulation shall become effective upon the Court's approval of this document.

Dated this ____ day of _____, 2007

                                                    _____
                                                    HONORABLE PHILIP P. SIMON
                                                    UNITED STATES DISTRICT COURT JUDGE

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

| | | | |
|---|---|---|---|
| By: | /s/ Sharon J. Johnson | By: | /s/ William H. Schmelling |
| | Sharon J. Johnson | | William H. Schmelling |
| | Assistant United States Attorney | | Associate General Counsel |
| | 5400 Federal Plaza, Suite 1500 | | United Steelworkers |
| | Hammond, IN 46320 | | 7218 West 91st Street |
| | Tel No.: (219) 937-5500 | | Bridgeview, IL 60455 |
| | Fax No.: (219) 852-2770 | | Tel No.: (708) 233-0800 |
| | Email: sharon.johnson2@usdoj.gov | | Fax No.: (708) 233-0837 |
| | Attorney for **United States of America** | | Attorney for **Local 645, United Steelworkers** |

                                                    By:   /s/ Melvin P. Stein

OF COUNSEL FOR                                Melvin P. Stein
**United States Department Of Labor**         Associate General Counsel
                                                      United Steelworkers
        WILLIAM POSTERNACK             5 Gateway Center, Suite 807
        United States Department of Labor,      Pittsburgh, PA 15222
        Office of the Solicitor                      Tel No.:(412) 562-2546
        230 South Dearborn Street, 8th Floor    Fax No.:(412) 562-2429
        Chicago, Illinois 60604                    Attorney for **Local 645, United Steelworkers**

        JONATHAN L. SNARE
        Acting Solicitor of Labor

        KATHERINE E. BISSELL
        Associate Solicitor

        ALEXANDRA A. TSIROS
        Counsel for Legal Advice

        SHIREEN M. MCQUADE
        Attorney

        JOAN E. GESTRIN
        Regional Solicitor