**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ELAINE L. CHAO,   Secretary of Labor United States Department of Labor, | ) ) ) |
| Plaintiff, | ) |
| v. | ) NO. 2:06-CV-405 PS |
| | ) |
| LOCAL 645, UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, | ) ) ) ) ) ) ) |
| Defendant. | ) |

### ORDER APPROVING STIPULATION OF SETTLEMENT

Plaintiff Elaine L. Chao, Secretary of Labor, United States Department of Labor, and

Defendant Local 645, United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied

Industrial and Service Workers International Union (hereinafter, "Local 645"), in order to avoid

the costs and delay of further litigation, stipulate and agree as follows:

1.      Effective April 14, 2005, International Union Paper, Allied-Industrial, Chemical

and Energy Workers and all its local unions merged with the United Steelworkers of America to

form a new labor organization known as the United Steel, Paper and Forestry, Rubber,

Manufacturing, Energy, Allied Industrial and Service Workers International Union (hereinafter

the "United Steelworkers").

2.      The subject action was initiated as a result of Plaintiff's investigation of alleged

violations of Title IV of the Labor-Management Reporting and Disclosure Act of 1959,

hereinafter referred to as the Act (29 U.S.C. 481 et seq.) related to the December 14, 2005

election of offices of Defendant, Local 645 of the United Steelworkers.  The alleged violations

had not been remedied at the time of the institution of this action.

3       On December 5, 2006, Plaintiff filed a complaint pursuant to Title IV of the Act seeking an order declaring Defendant's December 14, 2005 election for the offices of President, Vice President, Treasurer, Recording Secretary, and Trustee to be null and void and directing the Defendant to conduct a new election for the aforementioned offices under Plaintiff's supervision. The sole violation alleged was contained in paragraph 17 of the complaint which stated as follows:

> Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of its aforesaid election in failing to mail an election notice to all members at his or her last known home address.

4.       The Defendant filed an answer to the complaint that admitted that it did not mail an election notice to all members at their home addresses.  It is Defendant's position however, that it delivered written notice to each member by means other than mail.

5.       The parties, without admission, and solely to avoid the cost and delay of further litigation agree and stipulate, without contest, that the Defendant shall conduct its next regularly scheduled election, including nominations, for all offices in December 2007 under Plaintiff's supervision under the following terms and conditions:

a)   This election shall be conducted in accordance with Title IV of the Act (29 U.S.C. Sec. 481 et seq.), and, insofar as lawful and practicable, in accordance with the Constitutions of the United Steelworkers and the bylaws of Local 645.

b)   All decisions as to the interpretation or application of Title IV of the Act and the Constitution of the United Steelworkers and the bylaws of Local 645 relating to the supervised election, and nominations, if any, are to be determined by the Plaintiff, and her

decisions shall be final.

c)    The court shall retain jurisdiction of this action and after completion of the election, Plaintiff shall certify to the Court the names of the persons elected to each office, and that the election was conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, in accordance with the provisions of the Constitutions of the International and bylaws of Local 645.  The duly certified elected officers shall serve until the next regularly scheduled election following the subject elections in accordance with the Constitutions of the International and bylaws of Local 645.   Upon approval of such certification, the court shall enter an Order declaring that such persons have been elected as shown by such certification.

d)    Each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

6.    All terms of this stipulation shall become effective upon the Court's approval of this document.

The Court now **APPROVES** this Stipulation of Settlement [DE 15].

**SO ORDERED**.

ENTERED: April 5, 2007

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3